Mildred WHITESIDE, Appellant–Claimant,

v.

INDIANA DEPARTMENT OF WORK-FORCE DEVELOPMENT, Unemployment Insurance Review Board and Division of Family & Children, Appellees.

No. 93A02–0703–EX–229.

Court of Appeals of Indiana.

Sept. 19, 2007.

Geoffrey S. Lohman, Fillenwarth Dennerline Groth & Towe, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Anita Wylie, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Mildred Whiteside appeals the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") denying her claim for unemployment benefits. We affirm.

### Issue

Whiteside presents one issue for review, which we restate as whether the denial of her claim for unemployment benefits was contrary to Indiana law.

### Facts

Whiteside began her career with the Indiana Division of Family and Children Services on December 17, 1979. She was a full time employee and voluntarily left her employment on September 25, 2006. Whiteside left her employment to provide care to her adult son, who is quadriplegic. Prior to leaving, Whiteside requested and was denied family medical leave pursuant to the Family and Medical Leave Act ("FMLA").[1] Whiteside was not eligible for this leave because she had not worked the requisite 1250 hours in the previous twelve months. Whiteside had previously utilized FMLA leave to assist in her son's rehabilitation.

Following her resignation, Whiteside filed a claim for unemployment benefits. The Indiana Department of Workforce Development ("Workforce Development") first denied Whiteside's request for benefits on October 27, 2006. On November 3, 2006, Whiteside filed a notice of appeal with Workforce Development regarding the denial. Following a hearing on January 2, 2007, an Administrative Law Judge ("ALJ") affirmed the denial of benefits. The ALJ concluded that Whiteside voluntarily left her employment without good cause in connection to her work. On January 18, 2007, Whiteside appealed the ALJ's decision to the Review Board. In issuing its decision, the Review Board affirmed the ALJ and adopted the ALJ's findings of fact and conclusions of law. This appeal followed.

### Analysis

Whiteside contends the Review Board's finding are contrary to law. Specifically, she argues the Board erred by failing to apply Indiana Code Section 22–4–15–1(c)(2). Whiteside contends this statutory subsection should grant her unemployment benefits by taking into account her son's disability.

■■■ When a decision of the Review Board is challenged as contrary to law, as here, we utilize a two-part inquiry into the sufficiency of the facts sustaining the decision and the sufficiency of the evidence sustaining the facts. *McHugh v. Review Bd. of Ind. Dep't of Workforce Dev.*, 842 N.E.2d 436, 440 (Ind.Ct.App.2006) (citing

---

1. The FMLA requires covered employers to provide up to twelve weeks of unpaid, job-protected leave to eligible employees for certain family and medical reasons, including health conditions of children. *See generally* 29 U.S.C. § 2611.

Ind.Code § 22–4–17–12(f)). In doing so, we consider determinations of basic underlying facts, conclusions or inferences from those facts, and conclusions of law. *Id.* The Review Board's findings of fact are subject to a substantial evidence standard of review. *Id.* "Any decision of the review board shall be conclusive and binding as to all questions of fact." I.C. § 22–4–17–12(a). We do not reweigh the evidence or assess the credibility of witnesses. *McHugh*, 842 N.E.2d at 440. Regarding the Board's conclusions of law, we assess whether the Board correctly interpreted and applied the law. *Id.* Questions of statutory interpretation are questions of law reserved for the courts. *GPI at Danville Crossing, L.P. v. West Cent. Conservancy Dist.*, 867 N.E.2d 645, 653 (Ind.Ct.App.2007).

▮ The Board here adopted the findings of fact and conclusions of law of the ALJ. Whiteside does not dispute the findings of fact by the ALJ. Rather, Whiteside contends the Board misapplied the law in its reliance on Indiana Code Section 22–4–15–1(a). That subsection sets out grounds for disqualification for unemployment benefits and provides that "an individual who has voluntarily left the individual's most recent employment without good cause in connection with the work" is ineligible. I.C. § 22–4–15–1(a). This statute requires that the employee's reason for terminating cannot be purely subjective or personal. *Kentucky Truck Sales, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 725 N.E.2d 523, 525 (Ind.Ct.App. 2000). There is no question that Whiteside voluntary left her employment for a cause unrelated to her work and personal to her. She left on her own accord to take care of her son, an admirable decision, yet we conclude the ALJ and the Review Board were correct in their findings of fact and application of the law to deny unemployment benefits to Whiteside pursuant to Indiana Code Section 22–4–15–1(a).

▮ Whiteside contends that one of the exclusions for physical disability in the statute should have been applied to her to allow receipt of benefits. That section provides: "An individual whose unemployment is the result of medically substantiated physical disability and who is involuntary unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation." I.C. § 22–4–15–1(c)(2). Whiteside argues that this subsection should be interpreted to excuse employees not only for their own disability, but also for the disability of a family member. We disagree. This subsection does not expressly include any language to indicate disability of anyone other than the claimant should be considered. This subsection is not ambiguous and giving the words their plain and ordinary meaning, it does not include disability of relatives of the claimant. It would be necessary to add in additional words, phrases, and elements to read in such an expansion of the subsection. We will not engage in re-writing this statute. *GPI at Danville Crossing*, 867 N.E.2d at 653 ("Nothing may be read into a statute which is not within the manifest intention of the legislature as ascertained from the plain and obvious meaning of the words of the statute.").

Taken in context with the entire statutory section, this language relied on by Whiteside clearly only refers to "an individual's" disability. Each subpart within subsection "c" of the statute begins with the phrase "an individual." *See e.g.* I.C. § 22–4–15–1(c)(1) ("An individual shall not be subject to disqualification ..."); I.C. § 22–4–15–1(c)(3) ("An individual who has left work to enter ..."); I.C. § 22–4–15–1(c)(5) ("An otherwise qualified individual

...". Whiteside's interpretation does not comport with a reading of the statute as a whole. *Izaak Walton League of America, Inc. v. DeKalb County Surveyor's Office,* 850 N.E.2d 957, 965 (Ind.Ct.App.2006), *trans. denied,* ("Because statutes are examined as a whole, it is often necessary to avoid excessive reliance on a strict literal meaning of the words or phrases in the statute.").

 Even if we were to view this subsection as ambiguous, "we will presume the legislature intended its language to be applied logically and consistently with the underlying goals and policy of the statute." *State v. Hammans,* 870 N.E.2d 1071, 1080 (Ind.Ct.App.2007). "A statute's meaning and interpretation are to be ascertained not only from the phraseology of the statute but also by considering its nature, design, and the consequences that flow from the reasonable alternative interpretations of the statute." *Id.* The design and phrases of this statute do not contemplate providing unemployment benefits to Indiana workers who leave the workforce because of a relative's disability. Whiteside's interpretation of this subsection would increase the availability of unemployment benefits to an undefined class of employees which could include those with ailing parents, spouses, siblings, children or other dependants, yet nothing in the Unemployment Compensation Act suggests our legislature intended this result. While we empathize with Whiteside's difficult circumstance and find her decision to care for her son in a full time capacity commendable, Indiana's Act does not provide for benefits in this instance. Because Whiteside was not personally suffering from a substantiated medical disability, the Board had no reason to consider or apply this statutory section in reaching its conclusions of law.

**Conclusion**

Indiana Code Section 22–4–15–1(c)(2) does not include exclusions for disability of a claimant's relative and therefore does apply to make Whiteside eligible for benefits due to her son's disability. The Review Board had no reason to apply this statute and its conclusions of law were correct. We affirm.

Affirmed.

KIRSCH, J., and ROBB, J., concur.