S.S., Appellant,

v.

## REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Appellee.

No. 93A02–1006–EX–738.

Court of Appeals of Indiana.

Jan. 26, 2011.

Rehearing Denied March 24, 2011.

---

S.S. Hammond, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Pamela S. Moran, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issues

S.S. applied for unemployment benefits and was denied by a claims deputy of the Department of Workforce Development ("DWD"). S.S. filed an administrative appeal, and a telephonic appeal hearing was scheduled, of which S.S. received notice. Due to S.S.'s confusion of the Eastern and Central time zones, S.S. failed to answer the administrative law judge's call at the scheduled time, no hearing was held, and the ALJ therefore dismissed S.S.'s appeal. S.S. requested but was denied reinstatement of her appeal, and the Review Board of the DWD affirmed that denial. S.S. appeals the Review Board's decision, presenting the following expanded and restated issues for our review: 1) whether S.S. was afforded due process and a reasonable opportunity for a fair hearing; 2) whether the Review Board erred by failing to consider all of the evidence submitted by S.S.; and 3) whether the Review Board erred by denying S.S.'s request to reinstate her appeal. Concluding S.S. was afforded due process and a reasonable opportunity for a hearing, and finding no error in the Review Board's consideration of evidence or in its denial of S.S.'s request to reinstate her appeal, we affirm.

### Facts and Procedural History

S.S., who lives in Hammond, Indiana, was employed by C.B.C. until September 2009. S.S. claimed she left due to improper practices by C.B.C., but a DWD claims deputy, in finding S.S. ineligible for unemployment benefits, determined she was discharged for just cause. On November 3, 2009, the DWD mailed S.S. a copy of the adverse eligibility determination. On November 6, 2009, S.S. timely filed her appeal.

On February 16, 2010, the DWD mailed S.S. a notice of hearing. The notice stated, "[i]f you are the appealing party and fail to participate in the hearing, the administrative law judge will dismiss your appeal." Appendix of Appellee Review Board at 10. The notice contained the name, Indianapolis address, and telephone and fax numbers of the administrative law judge ("ALJ") assigned for the hearing. The notice specified the hearing would be on March 2, 2010, at 9:15 a.m. Eastern Standard Time, would be conducted by telephone, and the ALJ would call all par-

ties. A set of instructions attached to the notice stated:

> Several Indiana counties are in different time zones. It is your responsibility to know which time zone you are located in, and what time the hearing will take place, and to participate on that date and time. For telephone hearings, the judge will call you at the ONE contact number you provide. Hearings may proceed in the absence of either or both of the parties. You cannot call in and be connected to a hearing that is already in progress.

*Id.* at 12. The instructions also stated the parties may, in writing, request a change in the date or time of the hearing. On February 22, 2010, S.S. faxed to the DWD a signed return slip acknowledging the hearing date and time, listing her cell phone number, and checking a box stating she would participate in the hearing.

On March 2, 2010, the ALJ telephoned S.S. at the number she provided, but S.S. did not answer, so no hearing was held. Later that day, S.S. faxed a letter to the ALJ explaining she did not answer her phone due to having the Eastern and Central time zones "mixed up." *Id.* at 19. S.S. explained she mistakenly thought the hearing was set for 10:15 a.m. Central time, and that she could not take the ALJ's call because she was attending a food stamp hearing inside a federal building that did not permit use of cell phones.

Also on March 2, 2010, the ALJ issued an order dismissing S.S.'s appeal and stating:

> The party who requested the appeal failed to participate in the appeal hearing scheduled on Tuesday, March 02, 2010. The Administrative Law Judge, therefore, dismissed the appeal. The deputy's determination will become final unless the party requesting the appeal files a written request for reinstatement within seven days from the mailing date of this Notice. Requests for reinstatement must show good cause why the appeal should be reinstated.... NO APPEAL WILL BE REINSTATED MORE THAN ONCE.

*Id.* at 18.

S.S. filed a request for reinstatement of her appeal. This request was considered and denied by the Appeals Director in an April 19, 2010 order stating:

> 646 IAC 3–12–4 states in part:
>
> "(b) If the party who has requested the appeal fails to appear at an administrative law judge hearing, after having received due notice, the administrative law judge may, in his discretion, dismiss the appeal and the determination from which the appeal was requested shall be deemed final unless such appeal is reinstated as provided."
>
> "(e) If a party failing to appear at an administrative law judge hearing shall apply within seven (7) days from the date of mailing of the decision or notice of disposition and show good cause why the case should be reinstated, the same shall be reinstated. No case shall be reinstated more than once."
>
> The administrative law judge dismissed the appeal because [S.S.], the party requesting the hearing, did not appear. The administrative law judge mailed the dismissal on Tuesday, March 02, 2010, and [S.S.] applied for reinstatement on Monday, April 19, 2010: Since the appealing party did not show good cause why the case should be reinstated, the request for reinstatement is DENIED.

*Id.* at 20. S.S. appealed this decision to the Review Board.

On June 4, 2010, the Review Board issued its decision affirming the ALJ and the Appeals Director without holding a hearing or admitting additional evidence.

The Review Board adopted the findings and conclusions of the Appeals Director and added the following:

> In her appeal to the Review Board, [S.S.] alleges that she did not file her request for reinstatement on April 19, 2010. She alleges that she filed her request for reinstatement "the same day I missed the appointment on March 2nd, 2010." There is a faxed letter from [S.S.] in the Administrative Law Judge's file that was received on March 2, 2010. This document cannot be considered a request for reinstatement, however, because the Notice of Dismissal had not yet been issued when [S.S.] prepared and sent her March 2, 2010 letter. A party cannot preemptively file a motion asking for reinstatement before the case is dismissed.
>
> [S.S.] additionally argues that she demonstrated good cause for missing her hearing. The hearing notice scheduling the March 2, 2010 hearing at 9:15 a.m. Eastern Standard Time was mailed to the parties on February 16, 2010. [S.S.] had sufficient time to ask for a continuance of the unemployment hearing if she had a conflicting appointment, but she did not request a continuance. Furthermore, [S.S.] had sufficient time to clarify any confusion regarding what time zone she was in and when the Administrative Law Judge would contact her for the hearing. [S.S.] did not demonstrate good cause for failing to participate in the Administrative Law Judge's hearing.

*Id.* at 24. S.S. now appeals pro se.

### Discussion and Decision

#### I. Standard of Review

■ Upon appeal of a Review Board decision, we "utilize a two-part inquiry into the sufficiency of the facts sustaining the decision and the sufficiency of the evidence sustaining the facts." *Whiteside v. Ind.* *Dep't of Workforce Dev.*, 873 N.E.2d 673, 674–75 (Ind.Ct.App.2007). Under this standard, we review determinations of basic underlying facts, conclusions or inferences from those facts, and conclusions of law. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317(Ind.1998). "Any decision of the review board shall be conclusive and binding as to all questions of fact." Ind.Code § 22–4–17–12(a). Therefore we neither reweigh the evidence nor judge the credibility of witnesses, we consider only the evidence most favorable to the Review Board's findings of basic fact, and we accept those findings if they are supported by substantial evidence. *McClain*, 693 N.E.2d at 1317. As to inferences of ultimate fact, we determine whether the Review Board's finding of ultimate fact is a reasonable one. *Id.* at 1318. Finally, we review conclusions of law de novo, assessing whether the Review Board correctly interpreted and applied the law. *See Whiteside*, 873 N.E.2d at 675.

#### II. Opportunity to be Heard

■ S.S. argues she was denied due process because the ALJ failed to give her a reasonable opportunity to participate in a hearing. Whether a party was afforded due process in an unemployment proceeding is a question of law we review de novo. *Art Hill, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 898 N.E.2d 363, 367 (Ind.Ct.App.2008).

■ "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (quotation omitted). The opportunity to be heard in an unemployment proceeding is codified by the provision that the ALJ, after "affording the parties a reasonable opportunity for fair hearing, shall affirm, modify, or reverse the findings of fact and decision of the

deputy." Ind.Code § 22–4–17–3(a). The ALJ may hold the hearing by telephone absent an objection from an interested party and after determining that a telephonic hearing is proper and just. Ind. Code § 22–4–17–8.5(b)(4). Each party to the hearing must be mailed a notice of the hearing at least ten days before the scheduled date, specifying the date, place, and time of the hearing and identifying the issues to be decided. Ind.Code § 22–4–17–6(c). This court has held that "a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing." *Art Hill*, 898 N.E.2d at 368.

■ Here, the ALJ complied with Indiana Code section 22–4–17–6 by providing S.S. timely notice of the telephonic hearing and specifying that the hearing would be on March 2, 2010, at 9:15 a.m. Eastern Standard Time. S.S. received actual notice, as shown by her return slip stating she would participate in the hearing. The ALJ's instructions specifically stated that some Indiana counties are in different time zones and that it was S.S.'s responsibility to know in which time zone she was located and to participate at the scheduled time. S.S. was also informed that failure to participate in the hearing could lead to dismissal of her appeal. To the extent S.S. needed to attend her food stamp hearing on the morning of March 2, she could have requested that the ALJ change the date or time of the unemployment hearing, but she did not do so. In *Wolf Lake Pub, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 930 N.E.2d 1138 (Ind.Ct.App.2010), we held that where a party received actual notice of a telephonic hearing but was unable to participate due to its representatives' poor cell phone reception which could have been anticipated and prevented, the party was not denied a reasonable opportunity to participate in a hearing. *Id.* at 1142. Similarly here, even accepting S.S.'s claim that she was unavailable to answer the ALJ's call because she confused the Eastern and Central time zones, she was not denied a reasonable opportunity to participate in a hearing. Therefore, S.S.'s due process argument fails.

### III. Review Board Consideration of Evidence

■ S.S. asserts "[t]he Review Board failed to look at all evidence submitted throughout the appeal process" and "committed reversible error by not properly reviewing all documents of the case." Appellant's Brief at 6. While it is not precisely clear what evidence and documents S.S. refers to, she asserts the Review Board failed to acknowledge receipt of documents she submitted to the DWD after she missed the telephonic hearing. Thus, S.S. appears to contend the Review Board erred by not receiving additional evidence beyond what was considered by the ALJ.

■ 646 Indiana Administrative Code section 3–12–8(b) provides:

Each hearing before the review board shall be confined to the evidence submitted before the [ALJ] unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the [ALJ].

Thus, the decision whether to admit additional evidence is within the Review Board's discretion and is reviewed only for an abuse of discretion. *Willett v. Review Bd. of Ind. Dep't of Employment & Train-*

*ing Servs.*, 632 N.E.2d 736, 741 (Ind.Ct. App.1994), *trans. denied.*

Based on the record before us, we cannot conclude the Review Board abused its discretion in its consideration of evidence. The Review Board's exhibit volume contains S.S.'s letter of March 2, 2010, which explained her circumstances that caused her to miss the ALJ's call at the scheduled time. The Review Board's findings in its decision show it considered S.S.'s explanation of why she missed the hearing, and concluded her conflicting appointment and her confusion of the time zones failed to establish good cause for missing the hearing. As explained below in Part IV, the Review Board's finding that S.S. did not have good cause for missing the hearing, which affirmed the Appeals Director's finding of no good cause shown to reinstate the appeal, was sufficient to support the denial of S.S.'s request for reinstatement. Therefore, any additional evidence the Review Board could have considered, either expanding upon S.S.'s reasons for missing the hearing or concerning the timing of her reinstatement request, would not have required the Review Board to change its ultimate decision. Under these facts and circumstances, the Review Board acted within its discretion in its consideration of evidence.

### IV. Denial of Reinstatement

S.S. argues she demonstrated good cause for missing the March 2, 2010 hearing and therefore the Review Board erred by denying her request to reinstate her appeal. Initially we note our concern regarding the lack of statutory or regulatory authority governing the grant or denial of reinstatement of a DWD administrative appeal. The Appeals Director's order denying S.S.'s request cited to 646 Indiana Administrative Code section 3–12–4 as au-

thority. However, this regulation, along with a number of other regulations governing DWD appeal procedures, expired on January 1, 2009, and has not been readopted. *See* http://www.in.gov/legislative/iac/T 06460/A00030.PDF? (current official version of title 646, article 3, Indiana Administrative Code). The Review Board's appellate brief directs us to, and its appendix includes, DWD Policy 2008–28. This policy, dated January 2, 2009, is available online but is not promulgated as a rule. *See* App. of Appellee at 30–33; http://www.in. gov/dwd/files/DWD_Policy_2008-28.pdf. The Review Board represents that Policy 2008–28 is "to be promulgated at a later date." Brief of Appellee Review Board at 7.

We are troubled that Policy 2008–28, despite being relied upon by the Review Board as authority, in its two years of existence has not yet been promulgated as part of the Administrative Code. Policy 2008–28 details "policies and procedures for unemployment insurance benefit hearings before an administrative law judge," including requirements a party must meet to reinstate a dismissed appeal. App. of Appellee at 30, 33. Knowledge of such procedures is vitally important for all parties in DWD proceedings. Policy 2008–28 also appears to be a generally applicable statement of "procedure, or practice requirements of an agency" intended to have the effect of law, so as to qualify as a "rule" under the Administrative Rules and Procedures Act ("ARPA"), Indiana Code chapter 4–22–2. Ind.Code § 4–22–2–3(b). Agency rules to which the ARPA applies are subject to notice and comment rulemaking procedures, without which they lack legal effect. *See* Ind.Code § 4–22–2–44.[1] Publication in the Indiana Register

---

1. While, as noted below, the DWD is exempt from the procedural requirements of the Administrative Orders and Procedures Act ("AOPA"), Indiana Code article 4–21.5, it is

or Administrative Code is "prima facie evidence that the rule was adopted, in conformity with" the requisite procedures. Ind.Code § 4–22–9–3(b). Lack of such promulgation may deprive parties of notice of their procedural rights in DWD proceedings, particularly because the DWD is not subject to the procedural requirements of the Administrative Orders and Procedures Act, Indiana Code article 4–21.5. *See* Ind.Code § 4–21.5–2–4(a). Absent authority in the statutes specifically governing the DWD, or in its properly promulgated regulations, there is simply no statutory or regulatory authority governing, among other things, the grant or denial of a request for reinstatement. Especially given that this issue is likely to recur with some frequency, we urge the DWD to promulgate an applicable rule.[2] If the DWD fails to do so, then the legislature may need to take corrective action to fill this legal gap.

■ In S.S.'s appeal before this court, the dispositive issue on which our decision rests is whether S.S. showed good cause to support her request for reinstatement. On this issue we are not clearly faced with an unpromulgated rule, but with the DWD's application of a standard inherent in any administrative process to the extent an agency inherently needs some good reason for setting aside its previous action. In the March 2, 2010 order dismissing S.S.'s appeal, the ALJ informed S.S. that in order to successfully reinstate her appeal, she must file a request for reinstatement showing "good cause why the appeal should be reinstated." App. of Appellee at 18. In denying S.S.'s request for reinstatement, the Appeals Director and the Review Board applied this same standard, finding S.S. failed to show good cause for reinstating her appeal. Thus, S.S. was given sufficient notice of the DWD policy concerning reinstatement and had an opportunity to meet the requirements of that policy, but the DWD found she failed to do so. S.S. notes she was unable to find any Indiana authority defining "good cause" for reinstatement of a DWD administrative appeal. Appellant's Br. at 6. While we agree no such definition appears in Indiana statutes, regulations, or the Review Board's materials submitted with this case, the absence of definition would be a substantive issue as to lack of clarity in the law, not a procedural deficiency. While the lack of legal definition could, in some cases, impede this court's review of a Review Board decision to the extent we must have some legal standard to apply to the facts found by the Review Board, it does not do so here, in part because we are not faced with a pure question of law.

The Review Board's finding that S.S. did not show good cause for reinstatement of her appeal is a finding of ultimate fact, which this court reviews only for reasonableness, not de novo. *See McClain*, 693 N.E.2d at 1318. The only facts S.S. points to as establishing good cause are her being stressed, confusing the Eastern and Cen-

still subject to the rulemaking requirements of the ARPA. *See* Ind.Code § 4–22–2–13 (providing for applicability of ARPA); *see generally Villegas v. Silverman*, 832 N.E.2d 598, 608–09 & n. 13 (Ind.Ct.App.2005) (discussing ARPA and distinguishing it from AOPA), *trans. dismissed*. Moreover, it is beside the point that DWD designates Policy 2008–28 as a policy and does not label it a rule, because it is the substance of agency action, not the label given, that controls. *See Indiana–Kentucky Elec. Corp. v. Comm'r, Ind. Dep't of*

*Envtl. Mgmt.*, 820 N.E.2d 771, 779–80 (Ind. Ct.App.2005) (holding IDEM policy was a rule and thus was invalid for failure to follow rulemaking procedures).

2. We direct the DWD to Indiana Code section 22–4–17–6(a), which states DWD hearings and appeals shall be adjudicated "in accordance with rules adopted by the department for determining the rights of the parties ...."

tral time zones, and thus missing the scheduled hearing unintentionally. As explained above in Part II, these facts taken as true do not establish a denial of S.S.'s reasonable opportunity to participate in the hearing. In *Wolf Lake,* we affirmed the Review Board's decision that denied reinstatement of the appeal where the company failed to show its representatives' lack of cell phone service was due to any circumstance outside their control. 930 N.E.2d at 1140, 1143.[3] Similarly, because S.S. does not point to any circumstance outside her control which caused her to miss the telephonic hearing, we conclude the Review Board reasonably found she failed to show good cause for reinstating her appeal.

S.S. also appears to argue the Review Board erred in its finding that her request for reinstatement was not filed within the proper timeframe. However, as the Review Board's stated policy is to deny a request for reinstatement absent a showing of good cause, and because of our conclusion above that the Review Board reasonably found S.S. failed to show good cause for reinstatement, its finding that S.S. also failed to timely file her request for reinstatement is inessential to and has no effect upon the validity of its ultimate decision. Therefore, we need not address the timeliness of S.S.'s request for reinstatement, or the issues that would otherwise arise from the Review Board's application of an unpromulgated seven-day rule.

### Conclusion

S.S. was afforded due process and a reasonable opportunity to participate in a telephonic hearing. Further, the Review Board did not err in its consideration of evidence or in its denial of S.S.'s request to reinstate her appeal. The Review Board's decision is therefore affirmed.

Affirmed.

RILEY, J., concurs.

BROWN, J., dissents with opinion.

BROWN, J., dissenting.

I respectfully dissent. While S.S. may initially have had a reasonable opportunity to participate in a hearing, this appeal is from the Review Board's denial of her request for reinstatement of her appeal. Her request for reinstatement was first denied by decision of the Director of UI Appeals who erroneously determined that S.S. filed her request for reinstatement too late, on April 19, 2010. The Decision of the Review Board states that S.S. filed her request too early, on March 2, 2010, and that "[a] party cannot preemptively file a motion asking for reinstatement before the case is dismissed." Appellant's Appendix at 4.

In fact the record bears out that S.S. filed her request neither too early nor too late. She initially faxed her request on March 2, 2010, after learning by phone that her case had been dismissed. She followed that fax with a letter dated March 4, 2010, the same day she received written notice of the dismissal, and mailed it March 5, 2010 to the appropriate address. Apparently, this letter did not make it into her file, an administrative snafu clearly not the fault of S.S. The record she provides is replete with notations of phone calls, letters, faxes, and requests to refax, and with the documents themselves. In sum, S.S. did everything in her power and in fact did comply with the policies and procedures of the Review Board, such as they are, to have her appeal reinstated.

---

**3.** *Wolf Lake* did not address denial of reinstatement as a separate issue from the company's reasonable opportunity for a hearing, but did note the "good cause" standard for reinstatement which the Review Board's decision referenced. 930 N.E.2d at 1140.

While the decision of the Review Board also determined a lack of good cause for failing to call in at the correct time to participate in the ALJ's hearing, that decision was no doubt influenced by the Board's erroneous determination that S.S. had not timely filed her request for reinstatement.

Plausible arguments about due process aside, and looking at the total picture, we have before us the situation of a stressed-out, financially strapped, unemployed woman who made the very common mistake of confusing the time for her hearing to be an hour later rather than an hour earlier than the stated time given the time zone she was in, a mistake made every day by those who must negotiate the two time zones existing among the various counties of Indiana. She was in a federal building, her cell phone off as required, in a hearing to determine her continued eligibility for food stamps. She has copiously compiled the record of what has transpired in her case. While her appeal may or may not have merit, the only relief she seeks is to have her appeal from the denial of unemployment benefits heard.

I would reverse the Decision of the Review Board and reinstate S.S.'s appeal.