**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 23 2014, 10:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN D. GROTH**
Bose McKinney & Evans, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EMR CONSULTING, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1308-EX-691 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and LAURA SHIPP, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 13-R-02413

**May 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

EMR Consulting (EMR) appeals the decision by the Review Board of the Indiana Department of Workforce Development (Review Board) to grant Laura Shipp unemployment benefits. EMR presents multiple issues for our review, which we consolidate and restate as:

1.      Whether the Review Board abused its discretion when it denied EMR's request to consider additional evidence; and

2.      Whether the Review Board's findings of fact and conclusions of law were supported by the evidence.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

Starting October 29, 2007, Shipp worked for EMR as a bookkeeper and office manager. Shipp worked for EMR pursuant to a series of contracts, the most recent of which was signed June 1, 2010. On April 22, 2011, Shipp received an email from EMR indicating her contract would not be renewed as of June 1, 2011. Shipp left on medical leave on April 22.

EMR offered Shipp a new contract on April 25, but the parties did not come to an agreement. On May 2, Shipp emailed EMR indicating she would be returning to work. EMR told her she could not return to work because she did not have a note from her doctor indicating she could return to her normal duties, and EMR had launched an investigation into Shipp's alleged use of store benefits belonging to EMR. Shipp did not return to work, and on May 5, filed for unemployment. Shipp's contract with EMR expired June 1, 2011.

On December 19, after deciding Shipp was an employee of EMR, the Indiana

2

Department of Workforce Development determined Shipp was ineligible for benefits because she was discharged for gross misconduct. Shipp appealed and a hearing was conducted on May 31, 2013. On June 6, the ALJ determined Shipp was entitled to unemployment benefits. EMR appealed and asked for Leave to Introduce Additional Evidence. The Review Board denied EMR's request to introduce additional evidence, adopted the findings and conclusions of the ALJ, and affirmed the decision to grant Shipp unemployment benefits.

**DISCUSSION AND DECISION**

1.     Admission of Additional Evidence

646 Indiana Administrative Code § 5-10-11(b) provides in relevant part:

> Each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why the additional evidence was not procured and introduced at the hearing before the administrative law judge.

The admission of additional evidence is within the Review Board's discretion. *Wolf Lake Pub, Inc. v. Review Bd. of Indiana Dept. of Workforce Development*, 930 N.E.2d 1138, 1143 (Ind. Ct. App. 2010).

EMR moved to introduce the subcontractor agreement between EMR and Shipp and a portion of Shipp's testimony from an earlier ALJ hearing[1] as additional evidence before the Review Board. EMR sought to admit the subcontractor agreement "merely to clarify the

---

[1] It is not clear from the record when this hearing occurred, but it seems to be sometime before the May 31, 2013, hearing before the ALJ who granted Shipp's request for unemployment benefits.

3

expiration date of [Shipp's] contract." (App. at 18.) EMR sought to admit a portion of Shipp's testimony at the ALJ hearing "to impeach her testimony at the May 31, 2013, hearing[.]" (*Id.*) The Review Board did not abuse its discretion in declining to accept the new evidence.

First, the parties entered into the subcontractor agreement on June 1, 2010, and EMR proffered no reason why it was not produced during the ALJ hearing. Therefore, EMR has not demonstrated a "good reason why the additional evidence was not procured and introduced at the hearing before the administrative law judge." 646 IAC § 5-10-11(b). In addition, the transcript from an earlier undated ALJ hearing involving the same parties was available to EMR prior to the May 31 hearing. EMR was permitted to cross examine Shipp regarding working from home at that time, but did not. The Review Board did not abuse its discretion when it denied EMR's request to admit additional evidence.

2.      Review Board Decision

On appeal from a decision of the Review Board, we "utilize a two-part inquiry into the sufficiency of the facts sustaining the decision and the sufficiency of the evidence sustaining the facts." *Whiteside v. Ind. Dep't of Workforce Development,* 873 N.E.2d 673, 674 (Ind. Ct. App. 2007).

> In doing so, we consider determinations of basic underlying facts, conclusions or inferences from those facts, and conclusions of law. The Review Board's findings of fact are subject to a substantial evidence standard of review. "Any decision of the review board shall be conclusive and binding as to all questions of fact." I.C. § 22-4-17-12(a). We do not reweigh the evidence or assess the credibility of witnesses. Regarding the Board's conclusions of law, we assess whether the Board correctly interpreted and applied the law.

4

*Id.* at 675 (some citations omitted). We will reverse "only if there is no substantial evidence to support the findings." *KBI, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 656 N.E.2d 842, 846 (Ind. Ct. App. 1995).

In denying EMR's appeal, the Review Board adopted in full the ALJ's findings. The ALJ concluded:

> [Shipp's] contract with [EMR] ended in late May or the first of June 2011. The decision to let [Shipp's] contract expire had nothing to do with any facts discovered during any investigation. [EMR] did not terminate [Shipp] prior the contract expiring.

(App. at 37.) The ALJ cited *Ind. State Univ. v. LaFief*, 888 N.E.2d 184, 187 (Ind. 2008), in which our Indiana Supreme Court held an employer's decision not to renew an employee's contract may be considered an involuntary termination of employment for the purposes of unemployment compensation. The ALJ further concluded:

> [EMR] involuntarily terminated [Shipp's] employment by notifying [Shipp] on April 22, 2011 her existing contract would not be renewed and not reaching an agreement on a new contract prior to the original one expiring in late May or early June 2011. [EMR] offered no testimony to support finding that [Shipp's] conduct had anything to do with the decision to not renew her contract originally. Therefore [EMR] had no just cause for discharging [Shipp's] employment. Furthermore, [EMR] had not shown that gross misconduct led to the employment ending.

(*Id.* at 38.) EMR argues the evidence does not support the ALJ's conclusions and Shipp was terminated based on misconduct, or, in the alternative, she voluntarily terminated her employment. We disagree.

On April 22, 2011, EMR sent Shipp an email indicating her current contract, which was set to expire June 1, 2011, would not be renewed. EMR sent Shipp a proposed contract

5

on April 25, 2011, but the parties never agreed to the terms of the contract. We acknowledge the investigation into Shipp's alleged misuse of EMR's store-based benefits. But EMR indicated on April 22 its intent to terminate Shipp's contract, and thus her employment was involuntarily terminated on June 1. There was evidence to support the ALJ's decision, which the Review Board adopted, and we decline EMR's invitation to reweigh the evidence. *See Whiteside,* 873 N.E.2d at 674 (appellate court does not reweigh evidence or judge the credibility of witnesses).

## CONCLUSION

The Review Board did not abuse its discretion when it denied EMR's request to admit additional evidence, and its findings and conclusions were supported by the evidence. Accordingly, we affirm the Review Board's decision.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.