## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 08 2016, 10:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.B.,<br>*Appellant,*<br><br>v.<br><br>Review Board of the Indiana Department of Workforce Development,<br>*Appellees.* | September 8, 2016<br><br>Court of Appeals Case No.<br>93A02-1603-EX-484<br><br>Appeal from the Review Board of the Department of Workforce Development<br><br>Case No.<br>16-R-69 |

**May, Judge.**

[1] J.B. appeals the decision by the Review Board of the Indiana Department of Workforce Development (Review Board) to deny further unemployment insurance benefits. We affirm.

## Facts and Procedural History

[2] J.B. worked for a law firm until her termination on September 30, 2014. She filed for unemployment benefits and was approved. The Indiana Department of Workforce Development (the Department) determined her benefit year began on September 28, 2014, and ended on September 26, 2015.

[3] J.B. received three installment payments from the law firm in October 2014, during her first year of unemployment benefits. These payments were to compensate J.B. for "sick days and vacation days [J.B.] had left for the year." (Tr. at 10.) J.B. was unable to secure other employment during her first benefit year.

[4] J.B. filed again for unemployment benefits on October 2, 2015. The Department determined the second benefit year began on September 27, 2015, and ended on September 24, 2016. The Department first awarded J.B. unemployment benefits but subsequently reversed that ruling. The Department determined the money the law firm paid J.B. in October 2014 was severance and not wages from work performed during her first benefit year, which began September 28, 2014. On review, the Administrative Law Judge (ALJ) determined J.B.

ha[d] not performed insured work and earned wages in employment since the beginning of the previous benefit year in each of eight weeks; the claimant ha[d] not worked since her separation on September 30, 2014. Accordingly, . . . [J.B.] failed to meet the requirements of Indiana Code 22-4-14-5 to establish another unemployment claim.

(App. at 3.) The Review Board affirmed the findings of the ALJ.

# Discussion and Decision

J.B. asserts the payments in October 2014 for her accrued vacation and sick days, were wages and should qualify her for continued unemployment compensation during a second benefit year from September 27, 2015, to September 24, 2016.

On appeal from a decision of the Review Board, we "utilize a two-part inquiry into the sufficiency of the facts sustaining the decision and the sufficiency of the evidence sustaining the facts." *Whiteside v. Ind. Dep't of Workforce Dev.,* 873 N.E.2d 673, 674 (Ind. Ct. App. 2007).

> In doing so, we consider determinations of basic underlying facts, conclusions or inferences from those facts, and conclusions of law. The Review Board's findings of fact are subject to a substantial evidence standard of review. "Any decision of the review board shall be conclusive and binding as to all questions of fact." I.C. § 22-4-17-12(a). We do not reweigh the evidence or assess the credibility of witnesses. Regarding the Board's conclusions of law, we assess whether the Board correctly interpreted and applied the law.

*Id.* at 675 (some citations omitted). We will reverse "only if there is no substantial evidence to support the findings." *KBI, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.,* 656 N.E.2d 842, 846 (Ind. Ct. App. 1995).

[7] The denial of unemployment compensation was based on the premise that J.B. did not fulfill the criteria in Ind. Code § 22-4-14-5(b), which states:

> As a further condition precedent to the payment of benefits to an individual with respect to a benefit year established on and after July 1, 1995, an insured worker may not receive benefits in a benefit year unless after the beginning of the immediately preceding benefit year during which the individual received benefits, the individual:
>
> > (1) performed insured work;
> >
> > (2) earned remuneration in employment in at least each of eight (8) weeks; and
> >
> > (3) earned remuneration equal to or exceeding the product of the individual's weekly benefit amount multiplied by eight (8).

[8] J.B. argues the sick and vacation pay she received in October 2014 was "insured work" and should qualify her for unemployment compensation. Vacation pay "is deferred compensation in lieu of wages[.]" *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1067 (Ind. 2007). Sick leave pay, if "earned over time," may also be considered wages. *Schwartz v. Gary Cmty. Sch. Corp.*, 762 N.E.2d 192, 198 (Ind. Ct. App. 2002), *trans. denied.* Such payments are "additional wages,

earned weekly, where only the time of payment is deferred[.]" *Die & Mold, Inc. v. W.*, 448 N.E.2d 44, 48 (Ind. Ct. App. 1983). Thus, the payments J.B. received in October 2014 were deferred wages for work performed earlier.

[9] Because J.B. did not work after September 30, 2014, there was no "insured work" performed after the beginning of the benefit year as required by Ind. Code § 22-4-14-5.[1] *See Schwartz*, 762 N.E.2d at 198 ("timing is an issue as to accrual of the benefit, not to the payment thereof").

# Conclusion

[10] J.B. did not perform insured work during her first benefit year, which is required to qualify for subsequent unemployment compensation benefits. Accordingly, we affirm the Review Board's ruling.

[11] Affirmed.

Kirsch, J., and Crone, J., concur.

---

[1] As J.B. did not "perform insured work" as required in Ind. Code § 22-4-14-5(b)(1), we need not address whether the October 2014 payments satisfy the other two criteria in Ind. Code § 22-4-14-5(b).