## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2018, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

D.S.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.S.,

*Appellant,*

v.

Review Board of the Indiana Department of Workforce Development,

*Appellee*

March 21, 2018

Court of Appeals Case No. 93A02-1711-EX-2600

Appeal from the Indiana Department of Workforce Development

Steven F. Bier, Chairperson
Lawrence A. Dailey, Member
Conny Franken, Administrative Law Judge

Case No. 17-R-1182

**Crone, Judge.**

# Case Summary

D.S., pro se, appeals the decision of the Review Board of the Indiana Department of Workforce Development ("the Review Board") affirming an administrative law judge's ("ALJ") determination that D.S. was discharged from his employment for just cause and is therefore ineligible for unemployment benefits. Concluding that there is substantial evidence to support the Review Board's decision and that the decision is not unreasonable, we affirm.

# Facts and Procedural History

D.S.'s employment was terminated in July 2017. D.S. sought unemployment benefits and, on August 25, 2017, a claims deputy with the Indiana Department of Workforce Development determined that D.S. was not discharged for just cause and that D.S. was entitled to benefits. The employer appealed that determination. On October 3, 2017, an ALJ conducted a hearing during which both parties participated by telephone. That same day, the ALJ issued findings of fact and conclusions thereon reversing the claim deputy's determination regarding just cause. On October 6, 2017, D.S. appealed the ALJ's decision to the Review Board. The Review Board adopted and incorporated the ALJ's findings of fact and conclusions thereon, affirming that decision on October 27, 2017.

The ALJ's relevant findings of fact and conclusions thereon adopted by the Review Board are as follows:

[D.S.] began employment on October 23, 2015[,] and was discharged for lack of respect for the individual effective July 31, 2017. [D.S.] worked as the assistant store manager.

[D.S.] transferred to [Store Manager]'s store in January 2017. In February 2017, [D.S.] and the Produce Manager became involved in an argument because [D.S.] questioned why he did not place the cardboard in the container. The Produce Manager had placed the cardboard on the ground. [D.S.] and the Produce Manager took their argument to the front office and proceeded to argue. The employer discharged the Produce Manger for his conduct and issued a warning to [D.S.] because he told the Produce Manager "bye" in an argumentative tone.

In early July 2017[,] [Store Manager] directed [D.S.] to sweep the floors since maintenance did not do it the prior evening. Keeping the store clean is one of [D.S.]'s duties. It was near the end of [D.S]'s shift, and he had plans. [D.S.] left despite [Store Manager] calling out to him to return and do the task. [Store Manager] issued a warning that [D.S.] acknowledged on-line.

On July 28, 2017[,] the Market Manager questioned [D.S.] as to whether he attempted to stock the shelves with the items that were found in the back room. [D.S.] told the Market Manager that it was back stock; he had completed unloading and stocking the shelves. The Market Manager disagreed. In front of [Store Manager] who was present, [D.S.] told the Market Manager that he could stock the shelves. The Market Manager directed [D.S.] to leave. [D.S.] left pending termination. Later, the employer notified [D.S.] that he was discharged from employment for lack of respect for individuals.

….

[D.S] chose to argue with a subordinate and his superiors. [D.S.] exercised control over the circumstances that resulted in his

> discharge. By being disrespectful, [D.S.] undermines morale which could impact work output. [D.S.] breached a relevant duty. [D.S.] was discharged for just cause. [D.S.] is ineligible for benefits under the Act.

Ex. Vol. 59-64. Accordingly, the Review Board affirmed the ALJ's decision. This pro se appeal ensued.

## Discussion and Decision

The Indiana Unemployment Compensation Act provides that "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." Ind. Code § 22-4-17-12(a). Our standard of review on appeal of the Review Board's decision is threefold: (1) findings of fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact (ultimate facts) are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011) (citing *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1318 (Ind. 1998)).

We review the Review Board's findings of basic facts under a "substantial evidence" standard, and we neither reweigh the evidence nor assess its credibility. *Chrysler Group, LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122 (Ind. 2012). We consider only the evidence most favorable to the Review Board's findings and, absent limited exceptions, treat those findings as conclusive and binding. *Id*. "Such exceptions include if the evidence 'was devoid of probative value,' or 'was so proportionally meager as to lead to the

conviction that the finding does not rest upon a rational basis,' or the result of the proceedings was unduly influenced, fraudulent, or arbitrary." *Id.* at 122 n.2 (quoting *McClain*, 693 N.E.2d at 1317 n.2).

[6] Ultimate facts are reviewed to ensure that the Review Board has drawn a reasonable inference in light of its findings on the basic, underlying facts. *Id.* We examine the logic of the inference drawn and impose any rules of law that may drive the result. *Id.* at 123. Finally, we are not bound by the Review Board's interpretation of the law and we determine de novo whether the Review Board correctly interpreted and applied the applicable law. *S.S. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 941 N.E.2d 550, 554 (Ind. Ct. App. 2011).

[7] Pursuant to Indiana Code Section 22-4-15-1(a), an individual is disqualified from receiving unemployment benefits if he or she is discharged for just cause by the most recent employer. "Discharge for just cause" includes "any breach of duty in connection with work which is reasonably owed an employer by an employee." Ind. Code § 22-4-15-1(d)(9). An applicant's entitlement to unemployment benefits is determined based on the information that is available without regard to a burden of proof. Ind. Code § 22-4-1-2(c). "There is no presumption of entitlement or nonentitlement to benefits. There is no equitable or common law allowance for or denial of unemployment benefits." Ind. Code § 22-4-1-2(d).

[8] Here, there is substantial evidence to support the Review Board's basic finding that D.S. behaved disrespectfully on multiple occasions and that such behavior constituted a breach of duty in connection with work which he reasonably owed to his employer. D.S. does not dispute his employer's accounts of his behavior toward both subordinates and superiors, or the fact that he was discharged for that reason. He simply offers explanations and justifications for his behavior and argues that his actions were "misinterpreted as disrespect." Appellant's Br. at 8.[1] This is essentially a request for us to reweigh the evidence and reassess witness credibility in his favor, a task not within our prerogative on appeal. *See Chrysler Group*, 960 N.E.2d at 122. Under the circumstances presented, we cannot say that the evidence supporting the Review Board's finding was devoid of probative value or was so proportionally meager as to convince us that the finding does not rest upon a rational basis. *Id.* at 122 n.2.

[9] Moreover, the Review Board's ultimate finding of fact and conclusion that D.S. was discharged for just cause was reasonable in light of its findings on the basic, underlying facts. D.S. does not challenge the reasonableness of this ultimate

---

[1] We note that D.S. is proceeding pro se. Our supreme court has explained that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *In re G.P.*, 4 N.E.3d 1158, 1164 (Ind. 2014). Accordingly, we will not "indulge in any benevolent presumption" on behalf of a pro se litigant, nor will we "waive any rule for the orderly and proper conduct of his appeal." *Foley v. Mannor*, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006). D.S. failed to file an appendix, and the arguments in his brief are written in a stream-of-consciousness fashion and are difficult to discern. He inappropriately refers to evidence outside the record below, and his briefs contain no citation to case law or the appellate record. Although we could have deemed his arguments waived for lack of cogent argument, *see* Ind. Appellate Rule 46(A)(8) (requiring contentions in appellant's brief be supported by cogent reasoning and citations to relevant authority), we have instead done our best to address the merits of this appeal.

finding based on the underlying facts; he simply invites us to look to the "totality" of the facts and "reweigh the evidence provided." Appellant's Reply Br. at 4. Again, we must decline. In sum, there is substantial evidence in the record to support the basic finding that D.S. behaved disrespectfully. This supports the ultimate finding of fact and conclusion that D.S. was discharged for just cause pursuant to Indiana Code Section 22-4-15-l(d)(9). The decision of the Review Board is affirmed.

[10] Affirmed.

Robb, J., and Bradford, J., concur.