**J.W.B., Appellant–Claimant,**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, et al., Appellees–Employer.**

No. 93A02–1101–EX–5.

Court of Appeals of Indiana.

Aug. 4, 2011.

Diamond Z. Hirschauer, The Law Offices of Diamond Z. Hirschauer P.C., Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

J.W.B. appeals from an adverse determination of his claim for unemployment benefits. The following restated issue, which we find to be dispositive, is presented for our review: whether the Administrative Law Judge ("ALJ") abused her discretion by denying J.W.B.'s motions for continuance of his unemployment insurance appeal hearing and proceeding to disposition without his participation.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

J.W.B. was employed by Company as a branch manager from April 15, 2009 until April 30, 2010. Thereafter, J.W.B. sought unemployment insurance benefits through the Indiana Department of Workforce Development ("DWD"). A claims deputy found that J.W.B. did not voluntarily leave without good cause in connection with his work and was qualified to start receiving benefits. J.W.B. began receiving his benefits in May 2010.

On June 21, 2010, Company appealed the grant of benefits to J.W.B. and requested a hearing on the matter, which was ultimately scheduled for July 12, 2010. Company failed to appear at the hearing it requested, and the ALJ dismissed the appeal on July 16, 2010. A representative for Company faxed a request that the case be reopened, explaining that an incorrect telephone number had been provided by the employer and that the representative could not contact the ALJ in time to correct the error. The Director of Unemployment Insurance Appeals issued his notice of reinstatement of the appeal on October 15, 2010.

The ALJ notified the parties that she had scheduled the matter for a telephonic hearing on November 10, 2010. On November 3, 2010, J.W.B.'s counsel filed a motion to continue the hearing, in which counsel stated that J.W.B.'s mother had recently passed away, and J.W.B. was required to travel out of state for a period of six weeks beginning November 8, 2010. J.W.B. also noted that during that period of time he would be without access to a telephone on an intermittent basis. The ALJ denied J.W.B.'s motion on November 4, 2010, finding that J.W.B. had not demonstrated good cause for the continuance.

On November 10, 2010, counsel for J.W.B. filed another motion for continuance in which she restated the grounds previously asserted in the first motion for continuance, and stated that she was representing another claimant on the same date and at the same time as J.W.B.'s hearing was scheduled. J.W.B.'s counsel proceeded with the other claimant's hearing, and the ALJ in J.W.B.'s case proceeded without J.W.B.'s participation, after twice calling J.W.B.'s counsel and receiving a busy signal. On November 16, 2010, the ALJ issued her opinion in which she indicated that J.W.B. had failed to partici-

pate and reversed the claims deputy's determination of J.W.B.'s eligibility for benefits.

J.W.B.'s counsel appealed the matter to the Review Board on November 17, 2010. The Review Board, without holding a hearing, or receiving additional evidence, affirmed the ALJ's decision on the merits on December 20, 2010. J.W.B. now appeals.

## DISCUSSION AND DECISION

In J.W.B.'s letter to the Review Board, J.W.B. detailed his requests for a continuance and the ALJ's decision to deny them. J.W.B. asked the Review Board to consider his allegation that the ALJ abused her discretion by denying his requests for continuance of the November 10, 2010 hearing and remand the matter to the ALJ for a new hearing on the merits.

The Review Board in this case adopted and incorporated by reference the ALJ's findings of fact and conclusions thereon, and relied upon the previously established record in affirming the ALJ's decision that J.W.B. was ineligible for benefits. The ALJ, in her summary of the case, noted that J.W.B. had failed to participate in the hearing, and in her conclusions of law, found that J.W.B. had failed to sustain his burden of proving that he had voluntarily left his employment for good cause. In all other respects, the ALJ's decision is silent about her conclusion that the grounds stated in support of the motions for continuance did not constitute sufficient cause for granting them. Likewise, the Review Board's wholesale adoption of the ALJ's findings and conclusions is silent about its conclusion that the ALJ's denial of the motions for continuance should be affirmed, if that issue was even considered by the Review Board. Based upon the record before us, we are unable to make a determination one way or the other.

■ Indiana's Unemployment Compensation Act ("the Act") provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind.Code § 22–4–17–12(a). When the Review Board's decision is challenged as contrary to law, a court on review is limited to a two-part inquiry into: (1) the sufficiency of the facts found to sustain the decision; and (2) the sufficiency of the evidence to sustain the findings of facts. I.C. § 22–4–17–12(f). Under this standard, courts are called upon to review (1) determinations of specific or "basic" underlying facts, (2) conclusions or inferences from those facts, sometimes called "ultimate facts," and (3) conclusions of law. See McClain v. Review Bd. of Ind. Dep't of Workforce Dev., 693 N.E.2d 1314, 1317 (Ind.1998). The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. Id. In this analysis the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board's findings. Id. The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. Id. As such, they are typically reviewed to ensure that the Review Board's inference is "reasonable" or "reasonable in light of [the Board's] findings." Id. at 1318. Legal propositions are reviewed for their correctness. Id.

We reiterate that the issue here is the sufficiency of the facts to sustain the ALJ's decision to deny J.W.B.'s two motions for continuance; one citing the recent death of J.W.B.'s mother, and the second restating the allegations of the first, and citing J.W.B.'s counsel's scheduling conflict with two different DWD ALJs. The State's focus on the sufficiency of the evidence to sustain the ALJ's decision to reverse the claims deputy's determination of J.W.B.'s eligibility for benefits misses the mark.

The Review Board was asked to determine if the ALJ abused her discretion by denying the motions for continuance, the ALJ's findings of fact and conclusions on that issue were silent, and the Review Board merely adopted the ALJ's findings and conclusions thereon without holding a hearing or taking further evidence.

Our research reveals that 646 Indiana Administrative Code 3–12–3, regarding the conduct of hearings before an ALJ, expired under Indiana Code chapter 4–22–2.5 effective January 1, 2009. Effective January 1, 2009, the Commissioner of the DWD established a written policy regarding the conduct of hearings before an ALJ. http://www.in.gov/dwd/files/DWD_Policy_2008–28.pdf (last visited July 7, 2011). In that policy regarding "Hearing Conduct" before the ALJ, the DWD states as follows at page 3:

> 6. In general, Indiana Rules of Trial Procedure for the trial of civil causes will govern the proceedings before an ALJ, but not to an extent as to obstruct or prevent a full presentation of the facts or to jeopardize the rights of any interested party.
>
> . . . .
>
> The ALJ may continue any hearing upon its own motion or upon written application of any party to the appeal. The written application must be received not later than three days before the date of the hearing. However, it is within the ALJ's discretion to consider requests filed fewer than three (3) days prior. An application for a continuance of a hearing pending before an ALJ must be filed with the Unemployment Insurance Appeals division.

 Trial Procedure Rule 53.5 provides that upon motion, "trial may be postponed or continued in the discretion of the trial court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." The decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court. *Riggin v. Rea Riggin & Sons, Inc.,* 738 N.E.2d 292, 311 (Ind.Ct.App. 2000). Upon review, we will reverse the trial court only for an abuse of that discretion. *Id.* An abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion. *Id.* Therefore, we will review the ALJ's decision to deny J.W.B.'s motions for continuance for an abuse of discretion. However, no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial. *Thompson v. Thompson,* 811 N.E.2d 888, 908 (Ind.Ct.App.2004).

 The stated grounds for the ALJ's denial of the motions for continuance was that good cause had not been shown. "Good cause" for purposes of a motion to continue an unemployment benefits appeal hearing has not been defined, although it has been defined in other contexts relating to unemployment eligibility cases. *See Martin v. Review Bd. of Ind. Emp't Sec. Div.,* 421 N.E.2d 653 (Ind.Ct.App.1981)(explaining difference in definitions of "good cause" for refusal of employment under Indiana Code section 22–4–15–2, and "good cause in connection with the work" under 22–4–15–1). In *S.S. v. Review Bd. of Ind. Dep't of Workforce Dev.,* 941 N.E.2d 550 (Ind.Ct.App.2011), we were asked to consider what constituted "good cause" for reinstatement of an appeal. We believe the following passage from that case is worth reproducing here:

> While we agree no such definition appears in Indiana statutes, regulations, or the Review Board's materials submitted in this case, the absence of definition would be a substantive issue as to lack of clarity in the law, not a procedural

deficiency. While the lack of legal definition could, in some cases, impede this court's review of a Review Board decision to the extent we must have some legal standard to apply to the facts found by the Review Board, it does not do so here, in part because we are not faced with a pure question of law.

The Review Board's finding that S.S. did not show good cause for reinstatement of her appeal is a finding of ultimate fact, which this court reviews only for reasonableness, not de novo.... Similarly, because S.S. does not point to any circumstance outside her control which caused her to miss the telephonic hearing, we conclude the Review Board reasonably found she failed to show good cause for reinstating her appeal.

941 N.E.2d at 557–58 (internal citations omitted).

Thus, we turn now to the facts before us to determine whether the ALJ's denial of J.W.B.'s motions for continuance, and the Review Board's apparent affirmance of that decision, was reasonable. In the first motion, the stated reason for the request was the recent death of J.W.B.'s mother requiring J.W.B. to be out of town for six weeks. In the second motion, J.W.B. again referenced the recent death of his mother, requiring him to be out of town, and cited a scheduling conflict of his counsel. His counsel was scheduled to represent another claimant in a hearing before another DWD ALJ at the same time and on the same date. The transcript of the hearing indicates that the ALJ in J.W.B.'s case tried to call the number provided, J.W.B.'s counsel's number, at the scheduled date and time of the hearing but received a busy signal. In J.W.B.'s letter to the Review Board, J.W.B.'s counsel noted that she had prepared an associate in the office to be ready to proceed with J.W.B.'s case in the event her second motion for continuance was denied and the ALJ called for J.W.B.'s hearing. The State notes it was possible that the ALJ received a busy signal when calling J.W.B.'s counsel because she was on the telephone concerning the other hearing.

We disagree with the conclusion reached by the ALJ, and apparently the Review Board, that good cause was not shown. Either of these stated reasons on their face constitutes good cause. Furthermore, the prejudice to J.W.B. from the denial of his motions was the ultimate reversal of his benefits eligibility determination, based in part, on his failure to participate.

The Act provides that parties to a disputed claim for unemployment benefits are to be afforded "a reasonable opportunity for a fair hearing." Ind.Code § 22–4–17–3. We therefore reverse the decision of the ALJ and the Review Board and remand the matter with instructions to the Review Board to grant Bond a hearing upon due notice.

Reversed and remanded with instructions.

VAIDIK, J., and MATHIAS, J., concur.