## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 20 2015, 8:37 am
CLERK
of the supreme court, court of appeals and tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
|---|---|
| M.B. <br> Dubois, Indiana | Gregory F. Zoeller <br> Attorney General of Indiana <br><br> Aaron T. Craft <br> Deputy Attorney General <br> Indianapolis, Indiana |

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.B., <br> *Appellant,* <br><br> v. <br><br> Review Board of the Indiana Department of Workforce Development, and Company, <br><br> *Appellees* | November 20, 2015 <br><br> Court of Appeals Case No. 93A02-1504-EX-255 <br><br> Appeal from the Review Board of the Department of Workforce Development <br><br> The Honorable Steven F. Bier, Chairperson, The Honorable George H. Baker, Member, and The Honorable Larry A. Dailey, Member <br><br> Cause No. 15-R-422 |

**Baker, Judge.**

[1]  M.B. appeals the order of the Review Board of the Indiana Department of Workforce Development (Review Board), which found that he voluntarily left his employment, disqualifying him from receiving unemployment benefits. Finding substantial evidence from which the Review Board could make this determination, we affirm.

# Facts

[2]  M.B. worked as a truck driver for Employer[1] from March 7, 2014, until October 31, 2014. At the end of his employment, M.B. filed for unemployment benefits, and on December 8, 2014, a claims deputy for the Department of Workforce Development approved his claim. The claims deputy framed the case as whether there was "discharge for just cause," and found that "[i]t has not been established that the claimant was warned that the job was in jeopardy, nor that specific warnings were issued." Appellee's App. 16.[2]

[3]  On December 17, 2014, Employer appealed the claims deputy's determination. In the notice of hearing, the Administrative Law Judge (ALJ) stated the issues

---

[1] Under the newly amended Administrative Rule 9, the default rule is of confidentiality unless waived. Ind. Administrative Rule 9(G)(6). Therefore, we will use initials for the employee and "Employer" for the employer in this case.

[2] M.B.'s Appellant's Appendix is lacking several materials required by the Indiana Appellate Rules. Specifically, it does not include a chronological case summary, nor the order being appealed. App. R. v50(a)(2). Although M.B. is proceeding pro se, "pro se plaintiffs are held to the same rules of procedure as licensed attorneys." *Nesses v. Specialty Connectors Co.*, 564 N.E.2d 322, 326 (Ind. Ct. App. 1990). Nevertheless, we are able to adequately resolve this case on the merits because the Review Board has graciously supplemented the record with its own appendix. We thank the Review Board for this courtesy.

as follows: "Whether the employer discharged the claimant for just cause. IC 22-4-15-1(d)(1-9). Whether the claimant voluntarily left the employment without good cause in connection with the work. IC 22-4-15-1(a)-(b)." *Id.* at 17. On January 29, 2015, M.B. requested "a continuance do [sic] to the fact that I need more time to get my evidence and exhibits ready for the hearing." *Id.* at 10. The ALJ denied this request on the grounds that "Claimant did not show good cause." *Id.* at 11.

[4] The ALJ heard the case on February 3, 2015. Present at this telephonic hearing were Employer's operations manager, Employer's safety director, M.B., and M.B.'s wife. The parties presented conflicting narratives of M.B.'s final day with Employer.

[5] Both of Employer's witnesses testified that M.B. was called in to discuss several deliveries he had made behind schedule. Employer planned on giving M.B. a warning. M.B. angrily requested proof that his deliveries were behind schedule, but before the safety director returned with the files, M.B. rushed out of the building, called the police, and never contacted Employer again until the filing of his unemployment claim.

[6] M.B. agreed that he was called in for a meeting, but said that Employer summarily fired him. M.B. alleged that Employer was retaliating after M.B. filed a workman's compensation claim. He said that he called the police because the operations manager and safety director followed him aggressively when he walked outside. M.B. also claimed that he had called his wife just

before being summoned into the meeting, and that she was on speaker phone during the entire conversation. She claimed to have heard the operations manager tell M.B. that M.B. was fired. At the hearing, the ALJ repeatedly told M.B. to stay on the topic of whether he was discharged, but M.B. was more interested in attempting to impeach the documents showing his check-in times. M.B. explained, "I thought . . . this hearing was over whether I was late or not. I didn't know it was over whether I was discharged or not." Tr. p. 27.

[7] On February 9, 2015, the ALJ reversed the claims deputy's determination that M.B. was entitled to unemployment benefits. The ALJ found the Employer's narrative more credible:

> It was within the scope of the employer's authority to discuss customer complaints with the claimant. There is no evidence that the employer was being unduly harsh or threatening during the meeting. The employer's testimony is credible due to the claimant demonstrating that he was not able to follow completely what was being told to him during the hearing. The claimant may have felt he was being discharged but may have misunderstood what the employer was discussing. The claimant would not be eligible for unemployment benefits.

Appellee's App. 4. M.B. appealed the ALJ's decision to the Review Board. The Review Board adopted the ALJ's findings of fact and conclusions of law, and affirmed the ALJ's decision. M.B. now appeals.

# Discussion and Decision

[8] In considering M.B.'s challenge, we must review the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of fact. Ind. Code § 22-4-17-12(f). We apply a three-part standard of review: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Advanced Corr. Healthcare, Inc. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 27 N.E.3d 322, 327 (Ind. Ct. App. 2015). We will neither reweigh the evidence nor assess witness credibility, and we consider only the evidence most favorable to the Review Board's findings. *Chrysler Grp. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122 (Ind. 2012).

[9] In Indiana, an employee is not eligible for unemployment benefits if he voluntarily leaves his employment without good cause in connection with the work. Ind. Code § 22-4-15-1. This accords with the purpose of unemployment benefits—"to provide benefits to those who were involuntarily out of employment, and not to finance those who were willingly and deliberately refusing to work. . . ." *Walter Bledsoe Coal Co. v. Review Bd. of Emp't Sec. Div. of Dep't of Treasury*, 221 Ind. 16, 21, 46 N.E.2d 477, 479 (1943).

[10] In his brief, M.B. simply repeats his argument, already made to the ALJ, that he was fired at the October 31, 2014, meeting. His appendix consists mostly of

doctor's notes stating that he was injured.[3]  But whether he was injured is not relevant to Employer's claim that he left that meeting intending to quit his employment.  What is relevant to that issue is M.B.'s testimony that he was fired and Employer's testimony that he was not fired.  Resolving the conflicting stories offered by the parties is within the ALJ's and the Review Board's bailiwick, not ours.  As our standard of review makes clear, we will not reweigh the evidence or reassess witness credibility.

[11]  There was substantial evidence from which the ALJ could make its findings of fact, which were adopted by the Review Board.  Employer's witnesses testified that M.B. simply left in the middle of a meeting.  He never returned to work, nor did he communicate with Employer to tell them he intended to return to work.  He never told Employer that he was staying home because of an injury.  Based on these facts, the ALJ's finding of mixed questions of law and fact— namely, that M.B. voluntarily left his employment without good cause—was reasonable.

[12]  M.B. also mentions, in passing and without cogent argumentation, that he "would have had [more evidence] in the first hearing but the Administrated [sic] Law Judge would not give me a continuance to get repaired [sic]."  Appellant's Br. 7.  The Indiana Administrative Code provides that a request for continuance in the context of a disputed benefits hearing "must set forth good

---

[3] We note that most of these materials were not admitted into evidence, nor are they anywhere in the record. Appellate courts do not receive new evidence. *Melloh v. Gladis*, 261 Ind. 647, 659, 309 N.E.2d 433, 440 (1974).

cause for the granting of the request." 646 Ind. Admin. Code 5-10-6(a). The decision whether to grant such a request is within the discretion of the ALJ, and will be reversed only for an abuse of that discretion. *J.W.B. v. Review Bd. of Ind. Dept. of Workforce Dev.*, 952 N.E.2d 843, 846 (Ind. Ct. App. 2011). In this case, the ALJ was well within his discretion in determining that M.B. had not set forth good cause. Indeed, the only "cause" provided in the request for why M.B. needed more time was tautological—he needed more time because he needed more time. Moreover, none of this additional evidence appears to relate to the central findings of the ALJ: that M.B. voluntarily left his employment and the Employer never told him that he was fired. The ALJ did not abuse its discretion to deny this request.

[13] In sum, the ALJ and the Review Board had substantial evidence from which they could find that M.B. voluntarily left his employment without good cause.

[14] The decision of the Review Board is affirmed.

Bailey, J., and Mathias, J., concur.