**CINTEMP, INC., CTI PERSONNEL, Appellant–Employer,**

v.

**UNEMPLOYMENT INSURANCE REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Mable Martin–Scott, George H. Baker, Mark Robbins, as Members of and as constituting the Unemployment Insurance Review Board of the Indiana Department of Workforce Development; and Greg A. Wainscott, Heidi R. Smith, Candy S. Stanley, Kevin Gearhart, Mitzie Browning, Henry Burnine, Billie J. Corley, John Rinehart, Kimberly A. Corn, Michael W. Bable, Rebecca McVey, Joshua Jackson, Linda Priest, Paula M. Storms and Michael E. Farthing, Appellees–Claimants.**

No. 93A02–9811–EX–876.

Court of Appeals of Indiana.

Oct. 20, 1999.

David W. Gray, Todd A. Richardson, Lewis & Kappes, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

BAILEY, J.

### Case Summary

In this consolidated appeal, Appellant CINTEMP, Inc., CTI Personnel ("CTI") seeks judicial review of fifteen final orders issued by Appellee Unemployment Insurance Review Board of the Indiana Department of Workforce Development ("Review Board") affirming the Administrative Law Judges' rulings which found that Claim-

ants [1] were eligible for unemployment benefits. We affirm.

## Issue[2]

■ We restate the dispositive issue as whether the Review Board properly determined that Claimants' employment with CTI terminated not because they voluntarily quit, but because their assignments with CTI had ended.

## Facts

The facts are undisputed and are approximately the same for each of the fifteen Claimants. CTI is a temporary services and employment placement company which places employees with certain corporate clients on a temporary basis. According to CTI's agreement with Cambridge Industries and Libbey–Owens–Ford (collectively referred to as "the companies"), CTI would hire workers and then temporarily assign these employees to both companies. If, after a probationary period of sixty to ninety days, the employment situation was mutually satisfactory for the worker and the company, the company would extend an offer to the worker for permanent employment.

In the case at bar, two of the Claimants were temporarily placed by CTI with Libbey–Owens–Ford; and, after approximately three months, both were offered and accepted full-time permanent employment with said company. Both Claimants were subsequently laid off by Libbey–Owens–Ford.

All of the remaining Claimants were placed by CTI at various times with Cambridge Industries. After about two months of working as temporaries for Cambridge Industries, Cambridge Industries offered, and each Claimant accepted, full-time permanent employment. *Id.* All thirteen Claimants were subsequently laid off by Cambridge Industries.

## Procedural History

As a result of being laid off, Claimants filed for unemployment compensation. Thereafter, the Indiana Department of Workforce Development ("DWD") sent notices to CTI informing the company that it

---

1. The fifteen individual claimants are Greg A. Wainscott, Heidi R. Smith, Candy S. Stanley, Kevin Gearhart, Mitzie Browning, Henry Burnine, Billie J. Corley, John Rinehart, Kimberly A. Corn, Michael W. Bable, Rebecca McVey, Joshua Jackson, Linda Priest, Paula M. Storms, and Michael E. Farthing (referred to collectively as the "Claimants").

2. We take pause to note that CTI's argument on appeal is contradictory. In its Brief of Appellant, CTI makes the sole allegation that it was not an "employer" as defined by IND. CODE § 22–4–8–1(a) for purposes of unemployment compensation. (Appellant's brief at 5, 6, 7, 12). However, our review of the record reveals that this argument was not raised during the proceedings below. In fact, CTI never cited IND.CODE § 22–4–8–1(a) until its brief to this Court. Instead, throughout the evidentiary proceedings, CTI repeatedly asserted that Claimants were not entitled to unemployment benefits because they voluntarily terminated their employment with CTI without good cause. Thus, to the extent CTI argues that it was not Claimants' employer, that argument is waived. *See Franklin Bank and Trust Co. v. Mithoefer*, 563 N.E.2d 551, 553 (Ind.1990) (holding that a party may not

change its theory and, on appeal, argue an issue which was not properly presented to the trier of fact); *Fortmeyer v. Summit Bank*, 565 N.E.2d 1118, 1120 (Ind.Ct.App.1991) (holding that generally, a party may not raise an issue on appeal that was not raised before the trier of fact).

However, in its Reply Brief, CTI asserts that its argument on appeal is the same as it was at the Review Board hearing, namely that Claimants voluntarily left their employment with CTI without good cause, as discussed in IND.CODE § 22–4–15–1; and thus, the Review Board erred in awarding Claimants unemployment compensation. Despite this seemingly fatal contradiction, and a compelling argument by Claimants for waiver, we are satisfied that the issue of whether Claimants voluntarily terminated their employment with CTI was sufficiently raised by Appellant and discussed by both CTI and Claimants in their briefs, such that we may address the merits. *See Ross v. State*, 704 N.E.2d 141, 143 (Ind. Ct.App.1998) (holding that this Court could address the merits of the case at bar where party asserting waiver had essentially raised each of the challenged issues in its own pleadings and thus had "unequivocal notice" of the issues on appeal).

may be surcharged due to the Claimants' requests for unemployment benefits.[3] CTI sought review of the notices sent by DWD; and, as a result, three consolidated evidentiary hearings were held on August 25, 1998.

At three separate evidentiary hearings before Administrative Law Judges ("ALJs"), five of the fifteen Claimants appeared and testified regarding their employment situations. Each of these representative Claimants explained that they were initially hired by and were employees of CTI. They further explained that following the "probationary" period with either Libbey–Owens–Ford or Cambridge Industries, they each had accepted employment on a full-time basis with their respective former employer.

During the hearings, CTI asserted that the Claimants had voluntarily left their employment with CTI without good cause thereby making them ineligible for unemployment benefits.[4] Contrary to CTI's assertions, however, in each case the ALJ found that once the Claimants were offered permanent employment by either Libbey–Owens–Ford or Cambridge Industries, their respective assignments through CTI ended due to the fact that if the Claimants declined the companies' respective offers of permanent employment, they would have been prohibited from continuing to work at the company as CTI employees. Further, each Claimant's employment with CTI would have also terminated at that time unless and until a new assignment with a different corporate client became available.

Based on this evidence, the ALJs concluded that because the Claimants would have been prohibited from continuing to work both at the company and at CTI once a permanent offer of employment was made, the Claimants did not voluntarily leave without good cause in connection with the work within the meaning of IND. CODE § 22–4–15–1. Rather, the ALJs concluded that the Claimants became unemployed due to the ending of their assignments with CTI. Accordingly, the ALJs ruled that the Claimants were eligible for unemployment compensation.

The Review Board affirmed each of the fifteen decisions by the ALJs. The following appeal ensued.

## Discussion and Decision

### Standard of Review

The Indiana Unemployment Compensation Act provides that "[a]ny decision of the [R]eview [B]oard shall be conclusive and binding as to all questions of fact." *McClain v. Review Bd. of Indiana Dept. of Workforce Development*, 693 N.E.2d 1314, 1316 (Ind.1998). In determining whether the Review Board's decision is supported by substantial evidence of probative value, this Court will neither reweigh the evidence nor reassess witness credibility but will consider only the evidence most favorable to the Review Board's decision. *Salin Bank and Trust Co. v. Review Bd. of Indiana Dept. of Workforce Development*, 698 N.E.2d 1, 4

---

3. For clarification, we note that all employers, as defined by IND.CODE § 22–4–8–1, are required to pay into an unemployment insurance benefit fund based on the amount of wages they pay to their employees. However, in certain cases, employers are surcharged, or required to pay an additional amount, based on their "experience"; that is, the number of their employees who successfully file claims for unemployment compensation. *See* IND. CODE § 22–4–11–1.

4. While not clearly articulated, in making this argument, CTI was presumably attempting to avoid having its experience account charged pursuant to IND.CODE § 22–4–11–1(d)(1) which states in pertinent part:

> [I]f an individual (1) Voluntarily leaves an employer without good cause in connection with the work … wage credits earned with the employer from whom the employee has separated … shall be used to compute the claimant's eligibility for benefits, but charges based on such wage credits shall be paid from the fund and not charged to the experience account of any employer.

(Ind.Ct.App.1998). Moreover, we will reverse only if reasonable persons would be bound to reach a conclusion opposite that of the Review Board. *Wade v. Review Bd. of Indiana Dept. of Employment and Training Services,* 599 N.E.2d 630, 632 (Ind.Ct.App.1992).

### Argument and Analysis

■ The dispute in the case at bar centers on whether Claimants voluntarily terminated their jobs with CTI without good cause *(see* IND.CODE § 22–4–15–1), or whether Claimants' employment assignments with CTI had ended.

The record shows that the ALJs made similar findings of fact and conclusions of law at each of the evidentiary hearings and found, in pertinent part, as follows:

*FINDINGS OF FACT:* The Administrative Law Judge (ALJ) enters the following findings of fact. This employer [CTI] is a temporary services agency who provides temporary employees for various client/employers. Sometimes the assignment can lead to a permanent position with the client.... If the employee is offered employment ... and decides not to accept it the employee would probably not be allowed to continue work at [the company], although [CTI] would look for different assignments for the employee.... Once an assignment ends the employee does not receive any pay or benefits from [CTI], but does go back on the list of people eligible for placement....

*CONCLUSION:* The ALJ concludes the claimant did not voluntarily leave [his/her] employment without good cause in connection with the work within the meaning of IC § 22–4–15–1. The evidence establishes that when [the company] offered the claimant employment, [he/she] no longer would be allowed to work for [CTI] at [the company] so that assignment ended. The nature of the employment relationship between [CTI] and [sic] employees is that once an assignment is available the employee is hired to work that assignment and when that assignment ends the employment relationship in all respects ends, except for the fact that the employee has higher priority for placements in future temporary jobs. The ALJ therefore concludes the employment relationship between the claimant and this employer ended ... when [the company] offered the claimant employment and the evidence does not establish that the claimant voluntarily left [his/her] employment without good cause in connection with the work within the meaning of IC § 22–4–15–1.

*DECISION:* The initial determination of the deputy is affirmed. If otherwise eligible, the claimant is entitled to benefits.

(R. 7; *see also* R. 49, 93).

A thorough review of the record reveals that substantial evidence of probative value exists which supports the ALJs' findings of fact and conclusions as set forth above. The evidence shows that once an offer of permanent employment was extended to the Claimants by either Cambridge Industries or Libbey–Owens–Ford, each of the fifteen claimants were faced with the decision of either accepting the offer of permanent employment, or cease working for both the company and CTI. In fact, when asked whether the Claimants were free to choose to accept permanent employment with the company or to continue working for the company as a CTI employee, Pam Blackburn ("Blackburn"), CTI's representative, repeatedly testified, "No, probably not[,]" and that she "doubt[ed] that they would be allowed to do that. There would have to be a decision made at that time." (R. 654, 707, 820). Blackburn further testified that once an assignment with one of CTI's corporate clients had ended, either for lack of work or some other reason, they were "no longer a CTI employee" and that there was no continuing relationship between

CTI and the Claimant, other than consideration for future assignments. (R. 654, 707, 821).

The Review Board upheld the ALJs' determination that the Claimants' assignments with CTI had ended. Based on the foregoing, we conclude that the Review Board's decision was reasonable and was supported by the evidence. CTI asks this Court to invade the province of the Review Board and find that the Claimants voluntarily left their employment without good cause in connection with the work. This we cannot do.

Affirmed.

GARRARD, J., and HOFFMAN, Sr. J. concur.