Y.G., Appellant–Petitioner,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Anderson Trucking Services, Inc., Appellees–Respondents.

No. 93A02–1004–EX–538.

Court of Appeals of Indiana.

Oct. 29, 2010.

---

Molly C. Johnson, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephanie Rothenberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

Y.G. appeals the Review Board's decision to deny him unemployment benefits. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 30, 2009, Y.G. became ill at work. He was hospitalized the next day, and diagnosed with sarcoidosis.[1] Y.G. contacted his supervisor, who indicated he was allowed one month of medical leave, but then he would have to return to work. The supervisor alerted the employer's human resources representative, who on October 8 mailed to Y.G.'s home address the paperwork required for leave under the Family and Medical Leave Act (FMLA). The paperwork was to be returned no later than October 23. On October 10, Y.G. was released from the hospital and was advised by his doctor that he would need more than the allotted month to recuperate. On October 21, Y.G. called his supervisor and resigned.

Y.G. subsequently applied for unemployment benefits, which were denied on December 7 by a claims deputy for the Indiana Department of Workforce Development. The claims deputy noted Y.G. "was not involuntarily unemployed due to a physical disability." (Supplemental App. at 17.) Y.G. appealed, and an Administrative Law Judge (ALJ) affirmed. Y.G. appealed to the Review Board, which ultimately adopted and incorporated the ALJ's findings of fact and conclusions of law.

## DISCUSSION AND DECISION

■■■ On appeal from a decision of the Review Board, we "utilize a two-part inquiry into the sufficiency of the facts sustaining the decision and the sufficiency of the evidence sustaining the facts." *Whiteside v. Ind. Dep't of Workforce Development,* 873 N.E.2d 673, 674 (Ind.Ct.App.2007).

In doing so, we consider determinations of basic underlying facts, conclusions or inferences from those facts, and conclusions of law. The Review Board's findings of fact are subject to a substantial evidence standard of review. "Any decision of the review board shall be conclusive and binding as to all questions of fact." I.C. § 22–4–17–12(a). We do not reweigh the evidence or assess the credibility of witnesses. Regarding the Board's conclusions of law, we assess whether the Board correctly interpreted and applied the law.

*Id.* at 675 (some citations omitted). We will reverse "only if there is no substantial evidence to support the findings." *KBI, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.,* 656 N.E.2d 842, 846 (Ind. Ct.App.1995).

■■■ When an individual voluntarily leaves his employment "without good cause in connection with the work," he is disqualified from receiving unemployment compensation benefits. Ind.Code § 22–4–15–1(a). Whether an employee leaves his employment without good cause in connection with the work is a question of fact to be determined by the Review Board. *Indianapolis Osteopathic Hosp. Inc. v. Jones,* 669 N.E.2d 431, 433 (Ind.Ct.App. 1996). The claimant has the burden to show that he voluntarily left employment for good cause in connection with the work. *Id.* He must show that the reasons for leaving the employment were "objectively related to the employment" and would "impel a reasonably prudent person" to behave likewise. *Id.* "Good cause" does not include "purely personal and subjective reasons which are unique to the employee." *Geckler v. Review Bd.,* 244

---

1. Sarcoidosis is "characterized by the development and growth of tiny clumps of inflammatory cells in different areas of [the] body—most commonly the lungs, lymph nodes, eyes, and skin." Mayo Clinic staff, *Sarcoidosis,* MayoClinic.com (July 15, 2010), *www. mayoclinic.com/health/sarcoidosis/DS00251.*

Ind. 473, 477–78, 193 N.E.2d 357, 359 (1963).

"An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation." Ind.Code § 22–4–15–1(c)(2). To find protection under that section, an employee must:

(1) medically substantiate the termination of his employment is the result of physical disability and (2) substantiate that prior to the termination of his employment he made reasonable efforts to maintain it by sufficiently advising his employer of his disability and the accompanying limitations with the purpose of seeking reasonable alternate work assignments.

*Goldman v. Review Bd. of Ind. Employment Sec. Div.*, 440 N.E.2d 734, 736 (Ind. Ct.App.1982). While not absolutely necessary, a physician's statement protects the employee from "the risk of his employer misunderstanding his problem and limitations or the risk of inadequately or inaccurately communicating them to the employer." *Id.*

■ There is substantial evidence to support the ALJ's findings. Y.G. "did not return any medical documentation to the employer in order to be covered by FMLA." (App. at 4.) Y.G. notes he did not receive the FMLA paperwork that was sent to his home address because he was being cared for at his sister's house, and he argues he therefore should not be held responsible for failing to return the paperwork. The Review Board argues "[a]n Employer should be able to reasonably expect that an employee or someone acting on the employee's behalf would have access to his mail to pick up any documents sent by the Employer." (Br. of Appellee at 9.) There is no evidence in the record to suggest that Y.G. indicated to anyone that he would not be able to receive mail at his house. We decline to require an employer send correspondence to an address its employee did not provide. *See, e.g., Stewart v. State,* 721 N.E.2d 876, 879 (Ind.1999) (proof that notice of suspended license sent to last known address is sufficient to infer defendant's knowledge of license status; defendant bears the burden of notifying the Bureau of Motor Vehicles of any address change).

Y.G. notes he "maintained communication with his direct supervisor," (Appellant's Br. at 3), his supervisor told him he was allowed a one-month absence, and the supervisor did not indicate an alternative to termination at the end of that month. Based thereon, Y.G. asserts he should "have no reasonable duty to probe further." (*Id.*) Y.G. cites no authority to support that assertion.

■ To find protection under Ind.Code § 22–4–15–1(c)(2), an employee must demonstrate "he made reasonable efforts to maintain [the employment] by sufficiently advising his employer of his disability and the accompanying limitations with the purpose of seeking reasonable alternate work assignments." *Goldman,* 440 N.E.2d at 736. The record indicates the doctor informed Y.G. he would need more than one month to recuperate, and Y.G. then called his supervisor and resigned. There is no indication Y.G. explained his limitations or sought an alternate placement until such time as his disability subsided.

Finally, Y.G. argues that pursuant to *City of Indianapolis v. Review Bd. of Ind. Emp. Sec. Div.,* 441 N.E.2d 36 (Ind.Ct. App.1982), his employer should have offered him an alternative work assignment instead of accepting his resignation. *City*

*of Indianapolis* is distinguishable. Y.G. and the employee in *City of Indianapolis* both resigned, but the employee in *City of Indianapolis* maintained the employment relationship by repeatedly providing documentation of his illness, including letters from his doctor. Y.G. provided nothing more than oral statements to his supervisor regarding his condition. Neither does the record indicate Y.G. sought placement in a more appropriate position, as did the employee in *City of Indianapolis.* The court in *City of Indianapolis* found the employee's repeated documentation of his condition met the statutory threshold of maintenance of the employment relationship, *id.* at 39, and thus, it does not control here because Y.G. never provided documentation to his employer of his disability. *See Raham v. Review Bd. of Indiana Employment Sec. Division,* 405 N.E.2d 606, 607 (Ind.Ct.App.1980) (substantiation of disability required by the statute must be made to the employer, as the statute compels the claimant to make "reasonable efforts to maintain the employment relationship," which presupposes the employer will be aware of the existence of a medical problem and of the physical limitations arising from such disability. Only then may the parties determine whether the employee may be transferred to work that is more suitable in light of his health problem).

We hold the Review Board did not err in denying unemployment benefits for Y.G., and we affirm its decision.

Affirmed.

ROBB, J., and VAIDIK, J., concur.