**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 04 2014, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANTOINETTE CROSSLIN**
Gary, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTOINETTE CROSSLIN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1305-EX-413 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and KENYA HAMILTON, | ) ) ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE INDIANA DEPARTMENT OF
WORKFORCE DEVELOPMENT
The Honorable Steven F. Bier, Chairperson
The Honorable George H. Baker, Member
The Honorable Lawrence A. Dailey, Member
Cause No. 13-R-1056

**August 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Antoinette Crosslin appeals the Unemployment Insurance Review Board's determination that she was ineligible for unemployment benefits. We affirm.[1]

## ISSUE

Crosslin has preserved one issue for appellate review: Whether the Review Board erred in concluding that she was ineligible for benefits.[2]

## FACTS AND PROCEDURAL HISTORY

Crosslin worked for Kenya Hamilton as an insurance sales representative, starting on March 26, 2012. When Crosslin became pregnant, her doctor told her she needed bed rest. Crosslin resigned from Hamilton's employment on May 21, 2012.

Crosslin then filed for unemployment benefits. A claims deputy determined that she was ineligible. She appealed, and a hearing was held before ALJ Michael A. Kasrich. Crosslin sent exhibits to ALJ Kasrich, but he excluded them from evidence after determining that she had not sent copies of the exhibits to Hamilton prior to the hearing.

ALJ Kasrich affirmed the claims deputy's determination that Crosslin was ineligible. Crosslin requested consideration by the Review Board. The Review Board adopted and incorporated the ALJ's findings of fact and conclusions of law into its order, affirming that Crosslin was ineligible. This appeal followed.

---

[1] Crosslin's former employer, Kenya Hamilton, is not participating in this appeal. Nevertheless, a party of record in an administrative agency proceeding remains a party on appeal. Ind. Appellate Rule 17(A).

[2] The Review Board argues on cross-appeal that the appeal should be dismissed because Crosslin's Appellant's Brief is insufficiently cogent and lacks citation to authority. We disagree and address the merits of the preserved issue.

<u>DISCUSSION AND DECISION</u>

A decision by the Review Board is "conclusive and binding as to all questions of fact." Ind. Code § 22-4-17-12(a) (1995). On appeal, we review: (1) findings of fact, (2) conclusions or inferences from those facts, sometimes called ultimate facts, and (3) conclusions of law. *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012). We review findings of fact for substantial evidence, findings of ultimate facts for reasonableness, and conclusions of law for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011).

Upon review of the Review Board's findings of fact, we do not reweigh evidence or judge the credibility of witnesses. *J.M.*, 975 N.E.2d at 1286. We consider only the evidence favorable to the Review Board's findings and will reverse only if there is no substantial evidence to support the findings. *Id.*

When an individual voluntarily leaves his or her employment "without good cause in connection with the work," he or she is ineligible for unemployment benefits. Ind. Code § 22-4-15-1(a) (2009). Whether an employee leaves his or her employment without good cause in connection with the work is a question of fact to be determined by the Review Board. *Y.G. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 936 N.E.2d 312, 314 (Ind. Ct. App. 2010). The claimant has the burden to show that he or she voluntarily left employment for good cause in connection with the work. *Id.*

In support of her claim that she is eligible for unemployment benefits, Crosslin cites to Indiana Code section 22-4-15-1(c)(2). That provision states: "An individual whose unemployment is the result of medically substantiated physical disability and who

3

is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation." *Id.* We must thus determine whether the evidence at the hearing established that Crosslin: (1) had a medically substantiated disability; and (2) made reasonable efforts to maintain the employment relationship.

Crosslin discusses medical documents she submitted to the ALJ, but she acknowledges that the ALJ did not admit those documents as evidence because she failed to send them to Hamilton before the evidentiary hearing. She does not assert that the ALJ erred in excluding those documents. She has waived consideration of those documents on appeal. *See Price v. Review Bd. of Ind. Dep't of Workforce Dev.*, 2 N.E.3d 13, 16 (Ind. Ct. App. 2013) (appellant waived claim that Review Board erred in excluding evidence because appellant failed to provide cogent reasoning and citation to authority).

Turning to the evidence that was admitted at the hearing, Crosslin did not give Hamilton any documents supporting her claim that she needed bed rest. Instead, she orally informed Hamilton that she was resigning and provided a written notice of resignation citing unspecified "extenuating circumstances." Tr. p. 7. Furthermore, there is no evidence that Crosslin tried to maintain the employment relationship. There is thus substantial evidence to support the Review Board's determination that her situation did not fall within the exception set forth in Indiana Code section 22-4-15-1(c). *See Y.G.*, 936 N.E.2d at 316 (affirming Review Board's determination of ineligibility because

4

employee did not give employer documentation to support a claimed physical disability before resigning).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the Review Board.

Affirmed.

ROBB, J., and CRONE, J., concur.